UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
JENNIFER CORDANO,

        *Plaintiff*,                               17 CV 3622
    v.

A PLUS PLUMBING CORP.,                    **COMPLAINT**

        *Defendant*.
------------------------------------------------------------------------×

        Plaintiff Jennifer Cordano, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant A Plus Plumbing Corp. as follows:

**PRELIMINARY STATEMENT**

        1.      Plaintiff Jennifer Cordano ("Plaintiff" or "Ms. Cordano") seeks damages and costs against Defendant A Plus Plumbing Corp. ("Defendant" or "A Plus"), for discriminating against her based on her disability by failing to provide her with a reasonable accommodation and, ultimately, terminating her employment, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

        2.      Plaintiff also seeks damages and costs against Defendant for retaliating against her for her request for a reasonable accommodation, in violation of the ADA and NYCHRL.

**JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES**

        3.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's ADA claims.

        4.      Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

6. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue dated March 30, 2017, relating to the discriminatory acts described in this Complaint. This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. Plaintiff, at all times relevant hereto, was and is a resident of Richmond County in the State of New York.

9. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of New York with offices located at 288 Nelson Avenue, Staten Island, New York 10308 in Richmond County.

## STATEMENT OF FACTS

10. On or about May 9, 2016, A Plus hired Ms. Cordano as an Administrative Assistant.

11. Ms. Cordano received positive feedback throughout her employment at A Plus, and she never received any discipline, warnings, write-ups, or the like.

12. On or about September 14, 2016, Ms. Cordano felt ill at work and began to experience symptoms including lightheadedness and severe pelvic pain and bleeding.

13. Ms. Cordano told Debbie Gallo, A Plus's Office Manager and Ms. Cordano's direct supervisor, that she was feeling unwell and asked to leave work so that she could see a doctor.

14. Ms. Gallo asked Ms. Cordano several questions about her illness and did not want to allow Ms. Cordano to go to the doctor's.

15. Ms. Cordano told Ms. Gallo that she was having a serious health problem and needed to go seek help.

16. Upon leaving work, Ms. Cordano went to her doctor's office, where her doctor evaluated her condition.

17. Ms. Cordano's doctor was concerned about her symptoms and informed her that she needed to undergo a series of tests as soon as possible.

18. That afternoon, Ms. Cordano underwent several blood tests and an X-ray, requiring her to be in the hospital for the remainder of the day.

19. Ms. Cordano called A Plus to inform Ms. Gallo that she would be unable to return to work that day; Ms. Gallo told Ms. Cordano that it would not be a problem and instructed her to bring a doctor's note when she came to work the next day.

20. That same evening, however, after Ms. Cordano returned home from the hospital, Ms. Gallo called Ms. Cordano and abruptly terminated her employment, stating, "Don't bother coming in tomorrow."

21. Ms. Cordano was shocked and confused and asked for an explanation.

22. In response, Ms. Gallo said only that "it wasn't working out" because Ms. Cordano had supposedly been "late a few times."

23. Ms. Cordano had never received any sort of warning or discipline regarding purported "lateness" in her employment at A Plus.

24. The next day, September 15, 2016, Ms. Cordano received her test results.

25. Ms. Cordano was diagnosed with an ovarian cyst and was told that she would need to undergo surgery to remove it.

26. On September 18, 2016, Ms. Cordano called A Plus and informed the company of her diagnosis, in the hopes that A Plus would allow her to return to work.

27. However, A Plus trivialized Ms. Cordano's medical condition and refused to reconsider its decision: Ms. Gallo told Ms. Cordano that her medical condition was "not a big deal" and stated that the termination would stand.

28. In fact, Ms. Cordano's condition was serious; in October, she underwent surgery to have the cyst removed, which necessitated weeks of recovery.

29. By the time of Ms. Cordano's surgery, the cyst had grown dramatically and posed a serious risk to her health.

30. A Plus terminated Ms. Cordano because she needed a reasonable accommodation—a short period of leave to receive treatment, then an additional period of leave to undergo surgery—for a disability: her ovarian cyst condition.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Failure to Provide a Reasonable Accommodation in Violation of the ADA**

31. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

32. The ADA requires an employer to engage in a mandatory interactive process to identify a reasonable accommodation for an employee with a disability.

33. Defendant failed to engage in the mandatory interactive process or provide a reasonable accommodation for Plaintiff's disability.

34. As such, Defendant has violated the ADA.

35. As a direct and proximate consequence of Defendant's failure to provide a reasonable accommodation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

**SECOND CAUSE OF ACTION**
**Failure to Provide a Reasonable Accommodation in Violation of the NYCHRL**

36. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 35 with the same force as though separately alleged herein.

37. The NYCHRL requires an employer to engage in a mandatory interactive process to identify a reasonable accommodation for an employee with a disability.

38. Defendant failed to engage in the mandatory interactive process or provide a reasonable accommodation for Plaintiff's disability.

39. As such, Defendant has violated the NYCHRL.

40. As a direct and proximate consequence of Defendant's failure to provide a reasonable accommodation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

**THIRD CAUSE OF ACTION**
**Unlawful Termination in Violation of the ADA**

41. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 40 with the same force as though separately alleged herein.

42. The ADA prohibits an employer from discriminating against an employee on the basis of that employee's disability.

43. Defendant discriminated against Plaintiff based on her disability by terminating Plaintiff's employment because of her disability.

44. As such, Defendant has violated the ADA.

45. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

### FOURTH CAUSE OF ACTION
### Unlawful Termination in Violation of the NYCHRL

46. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 45 with the same force as though separately alleged herein.

47. The NYCHRL prohibits an employer from discriminating against an employee on the basis of that employee's disability.

48. Defendant discriminated against Plaintiff based on her disability by terminating Plaintiff's employment because of her disability.

49. As such, Defendant has violated the NYCHRL.

50. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

### FIFTH CAUSE OF ACTION
### Retaliation in Violation of the ADA

51. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 50 with the same force as though separately alleged herein.

52. The ADA prohibits an employer from retaliating against an employee for engaging in protected activity under the ADA.

53. Plaintiff engaged in protected activity under the ADA when she requested a reasonable accommodation for her disability.

54. Defendant retaliated against Plaintiff by terminating her employment because of her request for a reasonable accommodation.

55. As such, Defendant has violated the ADA.

56. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

### SIXTH CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

57. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 56 with the same force as though separately alleged herein.

58. The NYCHRL prohibits an employer from retaliating against an employee for engaging in protected activity under the NYCHRL.

59. Plaintiff engaged in protected activity under the NYCHRL when she requested a reasonable accommodation for her disability.

60. Defendant retaliated against Plaintiff by terminating her employment because of her request for a reasonable accommodation.

61. As such, Defendant has violated the NYCHRL.

62. As a direct and proximate consequence of Defendant's retaliation, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial;

D. For the fourth cause of action, damages to be determined at trial;

E. For the fifth cause of action, damages to be determined at trial;

F. For the sixth cause of action, damages to be determined at trial; and

G. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 15, 2017

By: s/ Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com

*Attorneys for Plaintiff*